IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY L. SCHERMERHORN, et al.,

    Plaintiffs,                        No. CIV S-06-1029 DFL GGH P

    vs.

BILL LOCKYER, et al.,

    Defendants.                   ORDER

/

        Plaintiffs are state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

        This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

        In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at Mule Creek State Prison. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se

presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff Schermerhorn will proceed in this action, while plaintiffs Aleo, Blocker, Braman, Calderon, Harmon, Loresch, Messenger and Watts will proceed in 8 civil actions to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Each plaintiff has filed a request for leave to proceed in forma pauperis.  However, since the claims will be severed, each plaintiff will be given thirty days to file, in his own action, an amended complaint and a new application for leave to proceed in forma pauperis, using the forms provided by the court with this order.

Plaintiffs were all convicted of second degree murder.  Plaintiffs claim that they were illegally sentenced to 15 years to life.  Plaintiffs claim that California law required that they be sentenced to 15 years less earned credits.

Plaintiffs' claims implicate the validity of their continued confinement.  In other words, were this court to find that plaintiffs' interpretation of state law was correct, the result would be the shortening of their sentences.  Accordingly, plaintiffs are ordered to show cause in their individual actions why their actions should not be construed as petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254.  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Wilkinson v. Dotson, ___ U.S. ___, 125 S.Ct. 1242, 1248 (2005)("[A] state prisoner's § 1983

action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." ).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiffs Aleo, Blocker, Braman, Calderon, Harmon, Loresch, Messenger and Watts are severed from the claims of plaintiff Schermerhorn;

2. Plaintiff Schermerhorn shall proceed as the sole plaintiff in case No. CIV S-06-1029 DFL GGH P;

3. The Clerk of the Court is directed to:

   a. Open 8 separate civil actions for plaintiffs Aleo, Blocker, Braman, Calderon, Harmon, Loresch, Messenger and Watts;

   b. Assign each action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket a copy of this order in each of the 8 files opened for the plaintiffs listed in number 3a above;

   d. Place a copy of the documents filed thus far in this action in each of the 8 files opened for the plaintiffs listed in number 3a above;

   e. Strike from the caption of each plaintiff's complaint all plaintiffs' names except the name of the individual plaintiff proceeding in the action;

   f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

4. Each plaintiff's complaint is dismissed;

\\\\\
\\\\\

5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner; and

6. Within thirty days of the date of this order, each plaintiff shall show cause why their action should not be construed as petition for writ of habeas corpus. Failure to comply with this order will result in a recommendation of dismissal of this action. Each plaintiff's documents must bear the docket number assigned to his own individual case.

DATED: 8/9/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
sch1029.sev